IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 17, 2013 Session

THOMAS E. HOLUB, JR. v. FIRST HORIZON HOME LOAN CORP. d/b/a
FIRST TENNESSEE HOME LOANS ET AL.

Appeal from the Chancery Court for Rutherford County
No. 10CV0415     Robert E. Corlew, III, Chancellor

No. M2012-00964-COA-R3-CV - Filed February 8, 2013

The trial court found in favor of the plaintiff on claims that a mortgage company and a title company erroneously encumbered a tract of his property. On appeal, the plaintiff asserts that the trial court erred in declining to award more than nominal damages. Because there is no appellate record for this court to review on the issue of damages, we affirm the decision of the trial court.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, M.S., P.J., and RICHARD H. DINKINS, J., joined.

William W. Burton, Murfreesboro, Tennessee, for the appellant, Thomas E. Holub, Jr.

G. Sumner R. Bouldin, Jr., Murfreesboro, Tennessee, for the appellee, Watauga Title Company of Rutherford County.

John A. Barney, Brentwood, Tennessee, for the appellees, First Horizon Home Loan Corporation and Metlife Home Loans.

OPINION

FACTUAL AND PROCEDURAL BACKGROUND

Thomas E. Holub, Jr., filed this lawsuit on March 18, 2010 against multiple defendants, including First Horizon Home Loan Corporation d/b/a First Tennessee Home Loans ("First Horizon"), Metlife Home Loans, and Watauga Title Company. Mr. Holub purchased a piece of property located on Murray Kittrell Road in Rutherford County,

Tennessee from his mother in January 2002. The property included two tracts: Tract 1 consisted of approximately 5.5 acres with a single family residence; Tract 2 consisted of approximately 7.8 unimproved acres. Mr. Holub obtained a loan from First Horizon to finance the transaction. According to the complaint, Mr. Holub intended that the mortgage with First Horizon encumber only Tract 1.

As alleged in the complaint, Mr. Holub attempted to borrow money using Tract 2 in 2009 and only then learned that the 2002 First Horizon mortgage also encumbered Tract 2. As a result of this encumbrance, Mr. Holub argues, he was unable to sell the property to a willing buyer in 2009 and had to sell his 18-wheeler truck at a loss.

After receiving a notice of foreclosure against his property, Mr. Holub filed the instant lawsuit to enjoin the foreclosure and recover damages. During the pendency of the lawsuit, the parties agreed that Tract 2 should be sold. On March 26, 2011, the clerk and master sold Tract 2 for $14,800 and held the funds for further disposition by the court.

The case was tried over two days in November and December 2011. The trial court concluded that Mr. Holub "did not intend that Tract No. 2 be encumbered by that deed of trust and the Defendants incorrectly included Tract No. 2 on the deed of trust at the direction of the Defendant First Horizon." The court further determined that Mr. Holub was entitled to the funds held by the clerk and master from the judicial sale of Tract 2, "subject to the rights of First Tennessee Bank to claim said funds as a result of its second mortgage on the property at the time of the judicial sale." As to damages, the trial court found that Mr. Holub "did not present competent proof of any damages he sustained as a result of Tract No. 2 being encumbered and also failed to mitigate his damages." The court therefore awarded Mr. Holub only nominal damages in the amount of $100.00 against First Horizon and $100.00 against Watauga. The trial court denied Mr. Holub's subsequent motion to alter or amend the judgment.

After filing his notice of appeal, Mr. Holub filed a motion to amend the court's ruling regarding First Tennessee's entitlement to funds held by the clerk and master, and the trial court entered an order that the money be held by the clerk and master pending disposition of the appeal.

On appeal, Mr. Holub argues that the trial court erred in awarding him only nominal damages and that First Tennessee should not receive any money held by the clerk and master because its attorney failed to appear in court on June 4, 2012.

STANDARD OF REVIEW

In an appeal of a decision rendered after a bench trial, we review the trial court's findings of fact de novo with a presumption of correctness unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d); *Union Carbide Corp. v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993). Moreover, we "give great weight to the trial court's assessment of the evidence because the trial court is in a much better position to evaluate the credibility of the witnesses." *Boyer v. Heimermann*, 238 S.W.3d 249, 255 (Tenn. Ct. App. 2007). We review questions of law de novo with no presumption of correctness. *Nelson v. Wal-Mart Stores, Inc.*, 8 S.W.3d 625, 628 (Tenn. 1999).

ANALYSIS

The primary issue raised by Mr. Holub is the trial court's failure to award anything more than nominal damages for the defendants' actions. We find, however, that the record on appeal does not provide any basis for review of the trial court's decision regarding damages.

As stated in its order, the trial court found that Mr. Holub "did not present competent proof of any damages sustained . . . and also failed to mitigate his damages." In ruling from the bench, the trial court addressed damages more specifically:

> Now we, I guess, have to look at the damages issue. And Mr. Holub, respectfully to him, blames all his problems on these two defendants, he blames all the mental pain and suffering and anguish and so forth. And if he ever went to a doctor about it, we didn't hear about it. He's lost work, he says, and he may have, but we don't have anything showing any causal connection between the loss of work and the issues which are alleged herein.
>
> Mr. Holub claims great harm by the listing of this second tract, and then we have a situation that apparently he willingly allowed the second tract to be utilized in this second loan two or three years later.
> . . .
>
> As to the loss of credit, respectfully, I can't find that the proof preponderates in favor of the plaintiff on that, and that count is dismissed. As to the issue of the pain and mental anguish, I suppose under the circumstances, . . . Mr. Holub's entitled to nominal damages. I respectfully think that I have to find, given all the circumstances—and respectfully, too, as far as the issues concerning this sale—and, again, with all due respect, the testimony of the sale

to the gentleman who came in and testified, not a lot of proof there, respectfully.

I think the gentleman who was alleged to have been the buyer either has forgotten a whole lot or didn't agree to buy under the terms Mr. Holub says he did. Albeit, it has been addressed by defense counsel, with some help from counsel or otherwise Mr. Holub, even given the existence of the description of the second tract, Mr. Holub didn't mitigate damages. I'll just leave it at that, as far as his efforts concerning the sale and otherwise of that tract if such a sales opportunity had been there before.

So I think, respectfully, the plaintiff's entitled to nominal damages. . . . So we're going to assess nominal damages but nominal damages only, and those will be in the sum of $100 each, plus the cost of the cause.

Tennessee Rule of Appellate Procedure 24 explains the preparation of the record for appeal. In the absence of a transcript, Rule 24(c) requires the appellant to provide a statement of the evidence which "convey[s] a fair, accurate and complete account of what transpired . . . ." The rule further allows the appellee to file objections to appellant's statement of evidence and provides that their differences are to be resolved by the trial court in accordance with Tenn. R. App. P. 24(e). In this case, Mr. Holub filed a transcript of the trial court's ruling, but did not file a transcript of the evidentiary proceedings themselves. The record does include the trial exhibits, but none of these exhibits relate to the issue of damages.[1] Mr. Holub also filed a three-paragraph document entitled "Statement of the Case" summarizing the dispute below and the trial court's ruling. There is nothing in this filing concerning any evidence presented on damages.

As to damages, therefore, there is no transcript or statement of the evidence. The lack of at least a statement of the evidence destroys the appellate court's ability to review the findings of the trial court:

Ordinarily, "[a]n appellant who elects not to file either a transcript or a statement of the evidence will be faced with the practically insurmountable presumption that the record contained sufficient evidence to support the trial court's decision." In the absence of a transcript or a statement of the evidence, we ordinarily presume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's decision.

---

[1]Although Mr. Holub submitted a list of alleged damages in conjunction with his deposition testimony, this deposition was not introduced into evidence at the trial.

*Riddle v. Riddle*, No. M2006-00472-COA-R3-CV, 2007 WL 1094133, at *3-4 (Tenn. Ct. App. Apr. 11, 2007) (citations omitted). Furthermore, "it has long been the law of this State that where the trial court heard proof and the proof is not brought before the appellate court, it is conclusively presumed that there was evidence presented to support the trial court's findings and decree." *Harbour v. Brown*, No. 577, 1986 WL 6848, at *1 (Tenn. Ct. App. June 20, 1986). An appellate court's power to review can only be exercised when an adequate record of the evidence has been preserved.

In light of the incomplete appellate record in this case, we cannot engage in an analysis of the trial court's determination regarding damages. Mr. Holub's second issue, regarding First Tennessee's entitlement to funds held by the clerk and master, is likewise unreviewable.

CONCLUSION

The decision of the trial court is affirmed. Costs of appeal are assessed against the appellant, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE